[Crim. No. 143.   Department Two.—October 3, 1896.]

THE PEOPLE, RESPONDENT, v. WALTER TALL-MADGE, APPELLANT.

CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—AFFIDAVIT OF PROSECUTING WITNESS—CONFESSION OF PERJURY—DISCRETION.— *People v. Tallmadge,* No. 138, *ante,* p. 427, affirmed as to the discretion of the trial court in refusing a new trial for newly discovered evidence, upon an affidavit of a witness for the prosecution that he had perjured himself at the trial.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. WHEATON A. GRAY, Judge.

The facts are stated in the opinion of the court.

*Power & Alford,* and *Forrest L. Alford,* for Appellant.

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

THE COURT.—This case, so far as the point involved in the appeal is concerned, is similar to the case of *People* v. *Tallmage,* No. 138, *ante,* p. 427, this day decided. In the present case the appellant was charged with the larceny of certain hogs belonging to one Allen, and, as in case No. 138, one Lynde was the principal witness against the appellant, and an accomplice. The point for reversal is, that the court below should have granted a new trial upon the ground of newly discovered evidence, upon the affidavit of said Lynde that he had

committed perjury at the trial, and, in this regard, the case is substantially the same as that in said case No. 138.

Therefore, upon the authority of said case No. 138, the judgment and order denying a new trial are affirmed.

Hearing in Bank denied.